MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
THOMAS N. ABBOTT (State Bar No. 245568)
tna@severson.com
R. TRAVIS CAMPBELL (State Bar No. 271580)
rtc@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA JENKINS,<br><br>          Plaintiff,<br><br>     vs.<br><br>NATIONSTAR MORTGAGE, LLC and DOES 1-50, inclusive,<br><br>          Defendants. | Case No.: 14-cv-01275-JSC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order]<br><br>Date:     May 1, 2014<br>Time:    9:00 a.m.<br>Crtrm.:  F, 15th Floor<br>Judge:   Hon. Jacqueline Scott Corley<br>.<br><br>Action Filed:    December 23, 2013<br>Trial Date:      None Set |

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 1, 2014 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom F; 15th Floor of the above entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant NATIONSTAR MORTGAGE, LLC ("Nationstar" or "Defendant") will and hereby does move the Court to dismiss the Complaint of plaintiff RITA JENKINS ("Plaintiff") without leave to amend.  This Motion is made and based upon Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6) on the substantive grounds that allegations contained in the Complaint fail to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice filed herewith and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of hearing or any matters of which judicial notice is requested and/or is taken.

DATED:  March 26, 2014                SEVERSON & WERSON
                                      A Professional Corporation


                                      By:     /s/R. Travis Campbell
                                                  R. Travis Campbell

                                      Attorneys for Defendant
                                      NATIONSTAR MORTGAGE, LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 1

III. ARGUMENT ........................................................................................................................ 2

    A. Standard On Motion To Dismiss Pursuant To Rule 12(b)(6) ................................... 2

    B. Nationstar Did Not Owe Plaintiff A Duty Of Care .................................................. 3

    C. Plaintiff Cannot Plead Facts Establishing A Claim For Negligent Misrepresentation ..................................................................................................... 3

        1. Plaintiff Cannot Identify A Specific Misrepresentation............................... 4

        2. Plaintiff's Alleged Reliance Is Not Justified ............................................... 5

        3. Plaintiff Did Not Suffer Any Damages ....................................................... 6

        4. The Claim For Negligence Fails ................................................................. 7

    D. Injunctive Relief Is Not A Cause Of Action ............................................................ 7

    E. The Section 17200 Claim Fails ................................................................................ 7

        1. The Claim Is Premised Entirely On Plaintiff's Other Causes Of Action ........................................................................................................... 7

        2. Plaintiff Lacks Standing To Bring The Claim ............................................ 8

        3. Damages Are Not Recoverable Under Section 17200 ................................ 8

IV. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 1, 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 1, 2

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1997) .............................................................................................. 2

*Caovilla v. Wells Fargo Bank, N.A.*,
   2013 WL 2153855 (N.D. Cal. May 16, 2013) ................................................................ 7

*Daniels–Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ........................................................................................... 2

*DeLeon v. Wells Fargo Bank N.A.*,
   2011 WL 311376 (N.D. Cal. Jan. 28, 2011) .................................................................... 3

*Hafiz v. Nationstar Mortgage*,
   2014 WL 786279 (N.D. Cal. Feb. 20, 2014) ................................................................... 7

*Hosseini v. Wells Fargo Bank, N.A.*,
   2013 WL 4279632 (N.D. Cal. Aug. 9, 2013) ................................................................... 3

*Lane v. Vitek Real Estate Industries Group*,
   713 F.Supp.2d 1092 (E.D. Cal. 2010) ............................................................................. 7

*Ngoc Nguyen v. Wells Fargo Bank, N.A.*,
   749 F.Supp.2d 1022 (N.D. Cal. 2010) ............................................................................ 7

*Ogilvie v. Select Portfolio Servicing*,
   2012 WL 4891583 (N.D. Cal. Oct. 12, 2012) ................................................................. 7

*Ottolini v. Bank of America*,
   2011 WL 3652501 (N.D. Cal. Aug. 19, 2011) ................................................................ 7

*Paulsen v. CNF Inc.*,
   559 F.3d 1061 (9th Cir. 2009) ......................................................................................... 2

*Reiydelle v. J.P. Morgan Chase Bank*
   2014 WL 312348 (N.D. Cal. Jan. 28, 2014) .................................................................... 3

*Rockridge Trust v. Wells Fargo, N.A.*,
   __ F.Supp.2d__, 2013 WL 5428722 (N.D. Cal. Sept. 25, 2013) ..................................... 4

*Roussel v. Wells Fargo Bank*,
   2013 WL 146370 (N.D. Cal. Jan. 14, 2013) ............................................................................... 5

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..................................................................................................... 2

*Vess v. Ciba –Geigy Corp., USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................................... 4

*Villegas v. Wells Fargo Bank, N.A.*,
   2012 WL 4097747 (N.D. Cal. Sept. 17, 2012) .......................................................................... 3

**STATE CASES**

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal.App.4th 513 (2004) ...................................................................................................... 5

*Daro v. Superior Court*,
   151 Cal.App.4th 1079 (2007) .................................................................................................... 8

*Engalla v. Permanente Medical Group, Inc.*,
   15 Cal.4th 951 (1997) ................................................................................................................ 5

*In re Tobacco II Cases*,
   46 Cal.4th 298 (2009) ................................................................................................................ 8

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 (2003) .............................................................................................................. 9

*Krantz v. BT Visual Images, L.L.C.*
   89 Cal.App.4th 164 (2001) ........................................................................................................ 8

*Kwikset Corp. v. Superior Court*,
   51 Cal.4th 310 (2011) ................................................................................................................ 8

*Merrill v. Navegar, Inc.*,
   26 Cal.4th 465 (2001) ................................................................................................................ 7

*Nymark v. Heart Fed. Savings & Loan Assn.*,
   231 Cal.App.3d 1089 (1991) ..................................................................................................... 3

*Paz v. California*,
   22 Cal.4th 550 (2001) ................................................................................................................ 3

*Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*
   196 Cal.App.4th 1559 (2011) .................................................................................................... 3

**FEDERAL STATUTES**

12 U.S.C.
  § 2605(i)(3) ............................................................................................................................... 5

**STATE STATUTES**

Cal. Bus. & Prof. Code
  § 17200, *et seq.*........................................................................................................................ 1
  § 17200 .......................................................................................................................... 1, 7, 8, 9
  § 17203 ...................................................................................................................................... 9

Cal. Civ. Code
  § 2924(c) ............................................................................................................................ 5, 6, 7
  § 2924c(e)................................................................................................................................. 5

**RULES**

Federal Rules of Civil Procedure
  9(b) ................................................................................................................................... 1, 3, 4
  12(b)(6).................................................................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's claims against Nationstar are based on vague, conclusory allegations regarding the handling of an alleged loan modification application. None of the alleged conduct states a claim under the *Iqbal/Twombly*[1] pleading standard. Indeed, it appears the Complaint is nothing more than a form pleading Plaintiff's attorneys have filed in at least one other court.[2]

The claim for Negligence and Negligence Misrepresentation both fail because financial institutions, like Nationstar, do not owe borrowers, like Plaintiff, a legal duty in connection with offering, processing and approving loan modifications. Further, Plaintiff did not suffer any damages – a necessary element of both claims. In addition, the misrepresentation claim falls well short of the specificity required by Federal Rule 9(b).

The claim under section 17200 of the California Business and Professions Code ("Section 17200)[3] is also barred as a matter of law because it is derivative of the other causes of actions and Plaintiff lacks standing. Finally, injunctive relief is a remedy, not a cause of action.

Plaintiff's Complaint is nothing more than a form pleading that is fundamentally flawed. She cannot amend to state a claim under any of the causes of action and therefore the Court should grant the Motion with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint is a form pleading and does not allege facts beyond the form allegations her attorney uses in other cases. *See* RJN, Ex. A.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Iqbal/Twombly*").

[2] Plaintiff's attorneys filed an identical complaint the action entitled *Phinga-Evelyen Kheo v. Wells Fargo Bank, Inc.*, case no. 37-2013-00074548-CU-BT-CTL, which is pending in San Diego Superior Court. A copy of the pleading is attached to Nationstar's Request for Judicial Notice filed herewith as Exhibit A. Request for Judicial Notice ("RJN"), Ex. A. Indeed, on page 1 of the Complaint in this action, the name "Phinga-Evelyn Kheo" is crossed out and Plaintiff's name is written above it.

[3] Cal. Bus. & Prof. Code § 17200, *et seq*.

Facts subject to judicial notice show that on March 7, 2006, Plaintiff took out a $441,000 loan from Homecomings Financial Network, Inc. secured by a deed of trust against the real property known as 1084 56th Street, Oakland, California 94536 ("the property"). RJN at Ex B. After Nationstar was assigned the deed of trust a Notice of Default was recorded on October 15, 2013 reflecting a delinquent amount owed of $51,478.23. RJN at Exs. C & D.[4] Nonetheless, there has been no further foreclosure activity since October 2013.

### III. ARGUMENT

**A. Standard On Motion To Dismiss Pursuant To Rule 12(b)(6)**

A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In ruling on a motion to dismiss, material factual allegations in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1997).

However, the Court need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not [survive a motion to dismiss]." *Iqbal*, 556 U.S. at 678. Indeed, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. *Id*. Nor must the court accept as true allegations in the complaint that contradict documents that are attached as exhibits. *Sprewell*, 266 F.3d at 988; *see also Paulsen v. CNF Inc*., 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not ... required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and we do

---

[4] Plaintiff incorrectly alleges that she purchased the property in 2004 and the original loan amount was $625,000.00. Complaint ("Compl.") at ¶¶ 6-7. The Court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The incorrect allegations appear to be caused by the fact that Plaintiff is using a form pleading.

not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

### B. Nationstar Did Not Owe Plaintiff A Duty Of Care

To state a claim for Negligent Misrepresentation or Negligence a plaintiff must allege the defendant owed her a duty of care. *See Hosseini v. Wells Fargo Bank, N.A.*, 2013 WL 4279632, *7 (N.D. Cal. Aug. 9, 2013) (citing *Paz v. California*, 22 Cal.4th 550, 557-58 (2001)) (to state a claim for negligent misrepresentation and negligence "Plaintiffs must allege the existence of a duty of care between themselves and Defendant"). A financial institution, like Nationstar, does not owe a duty of care to a borrower, like Plaintiff, when "the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991). This Court has routinely followed this rule and held that the loan modification process in the non-judicial foreclosure context is a traditional money lending activity. *See, e.g., Reiydelle v. J.P. Morgan Chase Bank* 2014 WL 312348, *19 (N.D. Cal. Jan. 28, 2014); *Hosseini v. Wells Fargo Bank, N.A.*, 2013 WL 4279632, *7 (N.D. Cal. Aug. 9, 2013); *DeLeon v. Wells Fargo Bank N.A.*, 2011 WL 311376, *9 (N.D. Cal. Jan. 28, 2011).

Accordingly, Nationstar did not owe Plaintiff a duty of care in connection with the alleged loan modification process. On this basis alone, the claims for Negligent Misrepresentation and Negligence should be dismissed with prejudice.

### C. Plaintiff Cannot Plead Facts Establishing A Claim For Negligent Misrepresentation

Even if Nationstar did owe Plaintiff a duty of care, Plaintiff cannot plead facts establishing the elements of negligent misrepresentation.

The elements are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc*. 196 Cal.App.4th 1559, 1573 (2011) . Like fraud, claims for negligent misrepresentation must meet Federal Rule 9(b)'s heightened pleading standard. *Villegas v. Wells Fargo Bank, N.A.*, 2012 WL 4097747, *7 (N.D.

1  Cal. Sept. 17, 2012) (finding "most district courts in California" agree that negligent

2  misrepresentation claims must satisfy Rule 9(b)); *see also Rockridge Trust v. Wells Fargo, N.A.*,

3  __ F.Supp.2d__, 2013 WL 5428722, *36 (N.D. Cal. Sept. 25, 2013) (same).  Accordingly,

4  Plaintiff must plead the "who, what, when, where, and how" of the alleged conduct.  *Vess v. Ciba*

5  *–Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

6        **1.**     **Plaintiff Cannot Identify A Specific Misrepresentation**

7        Plaintiff contends that in June 2012 Nationstar falsely "represented" to her that it "would

8  work in good faith to process her loan modification" and that Nationstar made this

9  "misrepresentation in order to induce [her] to cease making house payments" which allegedly

10  caused her "damages."  *See* Compl. at ¶¶ 25-27.  She also vaguely claims that unidentified persons

11  at unidentified times took "actions to interfere and delay" her loan modification by (1) "falsely

12  alleging that they had not timely received responses," (2) "[a]sking for the same documents over

13  and over," (3) "[l]osing documents previously provided," (4) [p]roviding conflicting or inaccurate

14  information," (5) "[f]ailing to maintain a single point of contact," (6) "[i]nstructing [her] to go into

15  default" and (7) "[u]necessarily prolonging the loan modification review process."  *Id.* at ¶¶ 16-17.

16        These are the exact same form allegations her attorneys have asserted in at least one other

17  case.  *See* RJN at A.  They are nothing more than vague, conclusory statements that are the

18  hallmark of a form complaint.  They do not come close to identifying any alleged

19  misrepresentation by Nationstar.  For example, Plaintiff does not allege who she communicated

20  with, when the communication occurred, or whether the communication was oral or written.  Nor

21  does she identify what "documents" Nationstar lost or asked for multiple times, what information

22  was "conflicting or inaccurate" or the circumstances under which she was allegedly instructed to

23  go into default.  Indeed, she does not even allege that she was denied the modification, only that it

24  was not "timely" processed.  *Id.* at ¶ 16.

25        Further, the alleged "misrepresentations" defy common sense.  Essentially, Plaintiff claims

26  that Nationstar instructed her to become over $50,000 delinquent on her loan in order to obtain a

27

28

1 loan modification.  But such instruction makes no sense for a loan servicer, like Nationstar, who is
2 in the business of obtaining payment from borrowers on their loans.[5]  As such, it is not surprising
3 that Plaintiff relies on formulaic allegations: She cannot offer any specifics surrounding this
4 bizarre allegation because none exist.

5      Separate and apart from the foregoing, Plaintiff's contention of damages is simply wrong.
6 California law provides Plaintiff with an absolute right to bring her loan current by paying the
7 delinquent amount owed.  *See* Cal. Civ. Code § 2924(c).[6]  Plaintiff has ample time to resolve this
8 matter entirely by submitting certified funds to cure the arrears.  She has not.  While it would be
9 unfortunate if Plaintiff could not avail herself of the right of reinstatement under section 2924(c),
10 that is not grounds for suing her loan servicer.

11      Because Plaintiff cannot identify any specific misrepresentation, the claim should be
12 dismissed.[7]

13      **2.    Plaintiff's Alleged Reliance Is Not Justified**

14      "[T]he mere assertion of 'reliance' is insufficient" to state a claim for negligent
15 misrepresentation.  *Cadlo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).  Plaintiff must
16 show that "the defendant's misrepresentation is an immediate cause of the plaintiff's conduct,
17 altering his legal relations, and when, absent such a representation, the plaintiff would not, in all
18 reasonable probability, have entered into the transaction."  *Id.* (citing *Engalla v. Permanente*

---

[5] Federal Lending Law provides an apt description of the function served by loan servicers such as Nationstar: The "receiving [of] any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).

[6] Section 2924c(e) allows borrowers to cure any default prior to five business days before the trustee's sale.  Cal. Civ. Code § 2924c(e).  Here, no sale has been noticed so Plaintiff can cure the default at any time.

[7] Even if an extraordinary situation existed where a loan servicer instructed a borrower not to pay their loan, Plaintiff has still not alleged that such an instruction was false.  *See Roussel v. Wells Fargo Bank*, 2013 WL 146370, *6 (N.D. Cal. Jan. 14, 2013) (dismissing misrepresentation claim; noting that even if lender instructed borrower to default on the loan the plaintiff never alleged that the instruction was an untrue statement of the lender's policy).

*Medical Group, Inc.*, 15 Cal.4th 951, 976 (1997)).  Plaintiff cannot make this showing.

The only way Plaintiff claims she relied on Nationstar's alleged misrepresentations is by ceasing to make payments on the loan.  *See* Compl. at ¶ 26.  Plaintiff, however, does not allege that she was current on her loan prior to the alleged instruction or that she was making timely monthly payments.  Indeed, as of October 15, 2013 she was over $50,000 behind on her payments. *See* RJN at Ex. E.  As a result, Plaintiff's default have nothing to do with any alleged instruction by Nationstar.[8]

Further, to the extent she did rely on Nationstar's representation, her reliance was not justified.  The property has not been noticed for sale, nor does she allege that Nationstar has even denied her modification request.  Her claims appear to be that she believed a Notice of Default would not be recorded if she relied on Nationstar's alleged instruction to stop paying the loan.  *See* Compl. at ¶ 18.  But she does not allege that Nationstar ever promised it would not record a Notice of Default when she stopped making payments.  Regardless, it was unreasonable for her to believe that a Notice of Default would not be recorded when she failed to make over $50,000 in payments on the loan.

Finally, Plaintiff has not altered her legal relations.  She can still pay the arrears pursuant to Civil Code section 2924(C), become current on the loan, and avoid the foreclosure entirely. This lawsuit is a misguided attempt to avoid repayment of the arrears under the formulaic allegation that someone told her to default.

### 3. **Plaintiff Did Not Suffer Any Damages**

Plaintiff cannot allege how she was damaged by any misrepresentation.  A foreclosure sale has not been noticed, nor has she somehow been deprived use of the property.  The recording of the Notice of Default could not have caused her damage.  Indeed, as discussed above, Plaintiff is

---

[8] Page of 2 of the "Adjustable Rate Rider" attached to the deed of trust states that her initial monthly payments were $1,521.98 and could increase on May 1, 2007.  RJN at Ex. B.  Plaintiff was allegedly instructed not to make payments sometime after June 2012.  *See* Compl. at ¶¶ 11-17. Even assuming her monthly payments had increased to over $2,000.00, missing payments from June 2012 through October 15, 2013 does not account for the $51,478.23 that was delinquent.

1  at liberty to cure the default at any time by paying the past due amount.  *See* Cal. Civ. Code §
2  2924(c).  No conduct by Nationstar is preventing her from doing so.  Because Plaintiff has not
3  suffered any damages, the claim must be dismissed.  *See Hafiz v. Nationstar Mortgage*, 2014 WL
4  786279, *3 (N.D. Cal. Feb. 20, 2014)  (dismissing borrower's negligence claim: "Plaintiff fails to
5  allege damages – she does not appear to dispute the fact that she was in default, nor does she
6  allege that she could have become current on her loan obligation were it not for Defendants'
7  alleged negligence").

### 4.  The Claim For Negligence Fails

9  Negligence requires the following elements: (1) a legal duty of care owed by defendant to
10 the plaintiff, (2) a breach of that duty, (3) causation, and (4) injury to the plaintiff resulting from
11 the breach.  *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).  For the same reasons discussed
12 above, Plaintiff's claim for negligence fails because Nationstar did not owe Plaintiff a duty of care
13 and there are no damages.  *See, e.g., Hafiz*, 2014 WL 786279 at *3 (negligence claim dismissed
14 because defendant did not owe plaintiff a duty of care and damage allegations were insufficient);
15 *Ottolini v. Bank of America*, 2011 WL 3652501, **5-7 (N.D. Cal. Aug. 19, 2011) (dismissing
16 negligence claim; defendant did not owe plaintiff a duty of care in connection with application for
17 loan modification).  As a result, the negligence claim should be dismissed with prejudice.

### D.  Injunctive Relief Is Not A Cause Of Action

19 The claim for Injunctive Relief fails because it is a remedy, not a cause of action.  *See, e.g.,*
20 *Caovilla v. Wells Fargo Bank, N.A.*, 2013 WL 2153855, *7 (N.D. Cal. May 16, 2013); *Ngoc*
21 *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1038 (N.D. Cal. 2010); *Lane v. Vitek*
22 *Real Estate Industries Group*, 713 F.Supp.2d 1092, 1104 (E.D. Cal. 2010).  As a result, the claim
23 should be dismissed.

### E.  The Section 17200 Claim Fails

#### 1.  The Claim Is Premised Entirely On Plaintiff's Other Causes Of Action

26 Plaintiff contends that a series of vague acts by Nationstar violated Section of 17200.
27 Compl. at ¶ 17.  Each alleged violation is premised on Plaintiff's other causes of action and thus,
28 for the reasons stated above, fail.  *See Ogilvie v. Select Portfolio Servicing*, 2012 WL 4891583, *9

(N.D. Cal. Oct. 12, 2012) (dismissing borrower's UCL claim in wrongful foreclosure action on grounds it was "wholly derivative" of other causes of action that failed); *Krantz v. BT Visual Images, L.L.C*. 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action).

### 2. Plaintiff Lacks Standing To Bring The Claim

The claim also fails because Plaintiff lacks standing. Plaintiff only has standing to bring a Section 17200 claim if she pleads facts which "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., **economic injury**, and (2) show that the economic injury was the result of, i.e., **caused by**, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 (2011) (emphasis added). Plaintiff must support each of the standing elements "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id*. at 327 (citations omitted.)

Further, Plaintiff must show the "economic injury [occurred] `as a result of' the unfair competition"—by showing a "causal connection" between the economic injury and the alleged unfair conduct. *Id.* at 326. Plaintiff fails to satisfy the causation prong of the statute if she would have suffered "the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal.App.4th 1079, 1099 (2007).

As discussed above, Plaintiff did not suffer any "economic injury." The property is still hers and she has ability to cure the default by paying the amount due. Because Plaintiff there is no economic injury, let alone one that was caused by Nationstar, Plaintiff lacks standing to pursue the Section 17200 claim.

### 3. Damages Are Not Recoverable Under Section 17200

Plaintiff seeks "damages in a sum which is, as yet ascertained" which include "compensatory" and "punitive" damages. Compl. at ¶ 22; Prayer at ¶¶ 1-4. Plaintiff may only obtain either: (1) injunctive relief, "the primary form of relief available under the UCL," or (2) restitution "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." *In re Tobacco II*

*Cases*, 46 Cal.4th 298, 319 (2009) (quotations and citations omitted).  Damages are not recoverable under the Section 17200.  *See* Cal. Bus. & Prof. Code, § 17203; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) ("[a] UCL action is equitable in nature; damages cannot be recovered").  Thus, for this additional reason the claim fails.

### IV.  CONCLUSION

For the reasons stated herein, Nationstar requests the Court issue an order dismissing the Complaint with prejudice.

DATED:  March 26, 2014

SEVERSON & WERSON
A Professional Corporation

By:    /s/R. Travis Campbell
        R. Travis Campbell

Attorneys for Defendants
NATIONSTAR MORTGAGE, LLC